**UNITED STATES of America**

v.

**Agustin Torres CASTELLAR, Defendant.**

**Cr. No. 99–147 DRD.**

United States District Court, D. Puerto Rico.

June 21, 1999.

Epifanio Morales–Cruz, Federal Public Defender, San Juan, PR, Arturo Negron–Garcia, Hato Rey, PR, for Agustin Torres–Castellar, defendant.

Miguel A. Pereira, U.S. Atty's Office, Criminal Division, Hato Rey, PR, for U.S.

## ORDER

LAFFITTE, Chief Judge.

The government seeks review of the Magistrate Judge's order setting conditions of release. Defendant is being charged with kidnaping a minor child in violation of Title 18 United States Code section 1201 and with unlawfully transporting a child in interstate commerce for the purpose of engaging in sexual activity in violation of the Mann Act, Title 18 United States Code section 2423. Defendant has also been charged in the Commonwealth Courts with twelve counts of statutory rape. Bail was set in the amount of $600,-000.[1]

The issue before the Court is whether defendant poses a risk of flight or a danger to any other person or the community. On June 14, 1999 the Court held a *de novo* hearing to address these issues.

Defendant is an elementary school teacher and has been the teacher for the female child "A.I.G." since she was in third grade. AIG is twelve years old. The evidence indicates that defendant started a physical relationship with AIG in her sixth grade. He engaged in sexual relations with the minor in the classroom, at the school basement, at motels, and on one occasion at defendant's own home, when AIG was staying overnight with defendant's daughter who is also twelve years old.

Defendant and AIG developed a strong sentimental relationship. This incongruous love affair led defendant to flee the jurisdiction accompanied by AIG to San Antonio, Texas. To avoid detention, he represented that AIG was his daughter. Defendant gave a ring to AIG as evidence of their being husband and wife. He further represented to her that their trip to San Antonio was their honeymoon. Defendant and AIG had discussed and agreed to have a child. Defendant and AIG cohabitated in an apartment in San Antonio for approximately twelve days, until arrested by the FBI on April 30, 1999 at San Antonio.

At the original detention hearing, the evidence disclosed that AIG consented to travel with defendant to San Antonio, and that she said she was in love with defendant. Defendant, the evidence shows, is likewise in love with the minor. There is also evidence on record that in any relationship between two persons that are in a different level in terms of power of authority, there is implicitly a domination of the person who is at the higher level.

---

1. Contrary to the Bail Reform Act, under the Puerto Rico Constitution bail is required in every felony case.

■ In determining whether conditions of release will reasonably assure the appearance of the defendant and the safety of any person or the community, the Court must weigh several factors, including, among others, the weight of the evidence against the defendant, the history and characteristics of the defendant, risk of flight, and the threat of recidivism. The latter should be a predominant consideration in determining detention.

■ Upon a careful review of all the evidence presented both at the Magistrate Judge's hearing and at the *de novo* hearing before the undersigned Judge, the Court finds that there are no conditions of release that will reasonably assure the appearance of defendant. Defendant is charged with violation of the Mann Act. The evidence on this count is particularly strong. Defendant has now been charged with twelve counts of statutory rape under the Puerto Rico Penal Code, 33 L.P.R.A. Section 4061, carrying a minimum term of imprisonment of ten years and a maximum of 15 years. Defendant is also charged with kidnaping in violation of 18 U.S.C.A. Section 1201, punishable by imprisonment for any term of years or life. Under U.S. Sentencing Guidelines section 2A4.1(D)(5), assuming a criminal history category of 1, the imprisonment range is from 70 to 87 months.

At the original hearing, the Magistrate Judge was presented only with the kidnaping count, and with an apparent legal landscape that was not clear, i.e., whether the minor's consent to accompany defendant implicates a violation of the kidnaping statute. At the *de novo* hearing, this Court had before it an indictment charging violations of the Mann Act, as well as the accusations for statutory rape filed in the local courts. Defendant is facing long sentences. The weight of the evidence is heavy. The risk of flight increases in direct proportion to the length of the sentence. Defendant has shown that he has the ability to deceive and flee the jurisdiction to avoid facing the consequences of his actions. Finally, the Court is seriously concerned with the threat of recidivism. Defendant appears to be obsessed with this twelve-year old minor. This obsession may cause defendant's recidivism. In short, these events may be appropriately described, for lack of a better phrase, as "el estallido de una pasión otoñal" with severe consequences.

WHEREFORE, defendant is ordered detained without bail pending trial.[2]

**IT IS SO ORDERED.**

---

2. The Court has considered defendant's history, family and social ties, as well as the Pretrial Services report. The Court also considered defendant's wife's testimony, but found her to be so submissive that it affords no guarantee that she or any other family member could be a third party custodian.